# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

MELODY JOY BAKER,

                                            Plaintiff,

        v.                                                      5:19-CV-1056
                                                                (LEK/ATB)

DEPARTMENT OF VETERANS AFFAIRS,

                                            Defendant.

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"), and a motion for appointment of counsel, filed by pro se plaintiff, Melody Joy Baker. (Dkt. Nos. 1-3).

## I.    IFP Application

A review of plaintiff's IFP application shows that she declares she is unable to pay the filing fee. (Dkt. No. 2).  This court agrees, and finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S.

319, 325 (1989).  Dismissal of frivolous actions is appropriate to prevent abuses of

court process as well as to discourage the waste of judicial resources.  *Neitzke*, 490 U.S.

at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).  Although the court has

a duty to show liberality toward *pro se* litigants, and must use extreme caution in

ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been

served and has had an opportunity to respond, the court still has a responsibility to

determine that a claim is not frivolous before permitting a plaintiff to proceed.

*Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000)

(finding that a district court may dismiss a frivolous complaint *sua sponte* even when

plaintiff has paid the filing fee).

       To survive dismissal for failure to state a claim, the complaint must contain

sufficient factual matter, accepted as true, to state a claim that is "plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*,

550 U.S. at 555).  The court will now turn to a consideration of the plaintiff's complaint

under the above standards.

## II.    <u>Complaint</u>

       Plaintiff has filed her complaint on a form used for civil rights complaints,

brought under 42 U.S.C. § 1983.  Plaintiff states that after denying her claim for

benefits based on her Posttraumatic Stress Syndrome ("PTSD") and Military Sexual

Trauma ("MST") for twenty eight (28) years, in 2015, the VA granted her claim at

100% service connected PTSD-MST, "with full Medical and Financial Benefits." (Complaint ("Compl.") ¶ 4 - Facts) (Dkt. No. 1).  Plaintiff states that since she was awarded her claim in 2015, she has been denied half of her health care, "due to the female programs not in place." (*Id.*)  Plaintiff also seems to be alleging that she has been denied help with housing because she is in a wheelchair and because she does not drink or take drugs.  She claims that she did not receive her "full retro-pay." (*Id.*)

Plaintiff lists three "Causes of Action." (Compl. ¶ 5).  Plaintiff's first cause of action states that, because of the denial by the Department of Defense ("DOD") and the "Military,"[1] she was denied her VA claim for twenty eight years. (*Id.* - First Cause of Action)  Plaintiff's second cause of action states that after she was awarded benefits in 2015, she was only given six months retroactive pay, instead of the full 28 years, "which the male veterans receive." (*Id.* - Second Cause of Action).  The third cause of action states that plaintiff has been refused her full healthcare benefits, PTSD-MST counseling, participation in all Veterans Events, and help with housing because "female programs do not exist yet, and because I am in a wheelchair and don't drink or do drugs." (*Id.* - Third Cause of Action).

Plaintiff seeks $550,000.00, which she states is half of her full retro-pay. (Compl. ¶ 6).  Plaintiff also asks that the court order the VA to account for why the agency is not "making all VA Medical Facilities and agencies . . . provide equal services." (*Id.* - Prayer for Relief).

---

[1] Plaintiff seems to claim that she was denied benefits because the DOD and the "Military" found that the "rape" did not occur "in the Military." (First Cause of Action).

### III.    Subject Matter Jurisdiction

#### A.    Legal Standards

Federal courts have an "independent obligation" to consider the presence or absence of subject matter jurisdiction sua sponte. *Leopard Marine & Trading, Ltd. v. Easy Street, Ltd.*, 896 F.3d 174, 181 (2d Cir. 2018) (quoting *In re Quigley Co., Inc.*, 676 F.3d 45, 50 (2d Cir. 2012). Subject matter jurisdiction can never be waived or forfeited. *ACCD Global Agriculture, Inc. v. Perry*, No. 12 Civ. 6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty, LLC v. Faust,* No. 09 Civ. 7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 434-35 (2011)).

#### B.    Application

##### 1.    Section 1983

Plaintiff has filed her complaint on a form used for civil rights complaints brought by individuals against defendants who act "under color of state law" in violating the plaintiff's federal constitutional or statutory rights. 42 U.S.C. § 1983. Plaintiff's named defendant is the Department of Veterans Affairs ("DVA").  The DVA is a federal agency and does not act under color of state law.  Thus, there is no jurisdiction under section 1983 for plaintiff's challenges to the conduct of the DVA in denying plaintiff her full benefits.

Clearly plaintiff has filed her action on the wrong form.  Because plaintiff is pro se, the court will interpret the complaint as raising claims under whatever basis is

appropriate without regard to the form-complaint. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein). Thus, the court will proceed with its analysis of plaintiff's claims.

### 2.    Veterans Benefit Claims

#### a.    Legal Standards

Claims concerning Veterans Benefits are governed by 38 U.S.C. § 511 which provides that:

> (a) the Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). Subsection (b) provides exceptions for challenges to rule making under 38 U.S.C. § 502; certain insurance questions under 38 U.S.C. §§ 1975 and 1984;[2] matters relating to housing and small business loans under 38 U.S.C. ch. 37; and review of Board of Veterans Appeals decisions in the Court of Veterans Appeals under 38 U.S.C. ch. 72. *Sindram v. United States*, 130 F. App'x 456, 458 n.1 (Fed. Cir. 2005).

Section 511 was enacted as part of the Veterans Judicial Review Act of 1988 ("VJRA") which created an exclusive multi-tiered review procedure for resolving veterans benefit disputes. *Conyers v. United States*, No. 16-CV-2816, 2018 WL

---

[2] These sections relate generally to life insurance benefits, not relevant to this plaintiff's allegations.

5

1157754, at *6 (E.D.N.Y. Jan. 31, 2018), *rep't rec. adopted*, 2017 WL 728228

(E.D.N.Y. Feb. 22, 2017).  Instead of judicial review, the VJRA provides that the

veteran may appeal an adverse decision of the Secretary to the Board of Veterans

Appeals ("BVA"), which is then reviewed by the Court of Appeals for Veterans

Claims. *Id.* (citing 38 U.S.C. §§ 7104(a), 7252(a)).  Appeals from those decisions are

heard in the United States Court of Appeals for the Federal Circuit, and those decisions

are subject to review in the United States Supreme Court by application for a writ of

certiorari. *Id.* (citing *Philippeaux v. United States*, No. 10-CV-6143, 2011 WL

4472064, at *4; *Ramnarain v. U.S. Veterans Admin.*, No. 11 Civ. 4988, 2012 WL

1041664, at *1 (E.D.N.Y. Mar. 28, 2012)).  This statutory scheme "forecloses the

possibility of review for disputed veterans benefits claims in any federal district court."

*Id.* (citing *Odonoghue v. U.S. Dep't of the Navy*, No. 12-CV-5338, 2012 WL 5959979,

at *2 (E.D.N.Y. Nov. 26, 2012).

### b.    Application

Plaintiff complains that it took 28 years for the DVA to grant her benefits based

on her alleged military-related disability, and when the benefits were ultimately granted

in 2015, she was not afforded her full retroactive benefits, her full healthcare benefits

and other benefits to which she believes she is entitled.[3]  As stated above, it is well-

settled that the federal district court is without subject matter jurisdiction to decide any

question relating to plaintiff's VA benefits, whether they relate to disability or other

benefits.

---

[3] It is apparent from plaintiff's application for IFP status that the DVA did grant her "100% service-connected" disability because plaintiff lists this as her income. (Dkt. No. 2 at 1).

6

To the extent that plaintiff's claim can be read as raising a constitutional challenge or a sex discrimination challenge to the denial or the amount of retroactive benefits that she seeks, the court also lacks subject matter jurisdiction. It has also been held that the section 511 prohibition on federal district court jurisdiction applies, notwithstanding the plaintiff's attempt to "side-step" the statutory review process by couching her claim in constitutional or other statutory bases. *See Conyers*, 2018 WL 1157754, at *6 ("courts do not acquire jurisdiction to hear challenges to benefit determinations merely because those challenges are cloaked in constitutional terms" or other statutory terms).

In *Braggs v. Dep't of Veterans Affairs*, No. 09-0756, 2010 WL 551325, at *3-4 (S.D. Ala. Feb. 10, 2010), the court sua sponte dismissed a similar claim in which the plaintiff was denied his retroactive benefits after he was granted relief. Braggs also alleged racial discrimination as a basis for his claim, but the court stated that the prohibition of section 511 applied to "'all claims, whatever their bases, as long as the claim is necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.'" *Id.* at *4 (quoting *Bell v. Hill*, No. 1:08-CV-988, 2008 WL 4877862, at *2 (M.D. Ala. Nov. 12, 2008) and citing inter alia *Larrabee by Jones v. Derwinski*, 968 F.2d 1497, 1501 (2d Cir. 1992)).

In *Larrabee*, the court discussed the history of section 511, and found that by providing review in the Federal Circuit, "Congress intended to obviate the Supreme Court's reluctance to construe the statute as barring judicial review of substantial statutory and constitutional claims" . . . "while maintaining uniformity by establishing

an exclusive mechanism for appellate review of decisions of the Secretary." 968 F.2d at 1501 (citations omitted).

In this case, although plaintiff's complaint is not terribly clear, plaintiff states that she was not given retroactive benefits, "which male veterans receive." (Compl. ¶ 5 - Second Cause of Action). While this can be interpreted as a claim of discrimination based on sex, the issue is still related to the amount of plaintiff's benefits and would be precluded by section 511.

Plaintiff also claims that she was "refused" her full healthcare benefits, counseling, participation in veterans events, and help with housing because the "female programs don't exist yet," and because she is in a wheelchair and does not drink or use drugs. (*Id.* - Third Cause of Action). This claim is a little more difficult to interpret, and the facts of these alleged refusals are not stated. There is no indication to which "female" programs she is referring or whether there are "male" programs. She also does not explain in what "veterans events" she was not able to participate or what housing "help" she needed and was refused. To the extent that these claims are related to the Secretary's decision, there is no subject matter jurisdiction in this court.[4]

However, in *Disabled American Veterans v. U.S. Dep't of Veterans Affairs*, 962 F.2d 136 (2d Cir. 1992), the court distinguished between a "DVA benefit determination and a DVA non-benefit determination." When the veteran does not make a claim for benefits or challenge the denial of such a claim, "'but rather challenge[s] the constitutionality of a statutory classification drawn by Congress, the district court had

---

[4] As stated above, plaintiff is currently getting monthly benefits based on a 100% service-related disability. (Dkt. No. 2 at 1).

8

jurisdiction to consider [the] claim.'" 962 F.2d at 141.  Thus, facial challenges to the constitutionality of governing statutes would not be barred in the district court by section 511.

Although plaintiff seems to claim in sections of the complaint that she was treated differently than male veterans, essentially, plaintiff is challenging the amount of benefits that she received and complaining about the length of time that it took her to receive them.  This court cannot find that plaintiff's claims as they are stated establish subject matter jurisdiction in the district court and must therefore recommend dismissal.[5]

## IV.   **Opportunity to Amend**

### A.   **Legal Standard**

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

### B.   **Application**

Because this court has no subject matter jurisdiction, the court must recommend dismissing the action without prejudice. *Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018).  This court has serious doubts about whether plaintiff can amend to assert any form of federal jurisdiction over the situation that plaintiff describes in her

---

[5] Plaintiff's vague allegation that "female programs don't exist" is insufficient to assert an equal protection claim because she has not asserted any facts relating to such claim or upon what she bases her assertion.

complaint because of section 511. Thus, plaintiff would not be able to amend her complaint to assert any type of claim related to the denial or amount of benefits. However, because the court must recommend dismissal without prejudice, plaintiff may be given an opportunity to amend her complaint if she can establish a "non-benefit" claim which is based on a challenge to the constitutionality of any laws providing benefits to veterans.

Because this court is recommending dismissal for lack of subject matter jurisdiction, plaintiff's motion for appointment of counsel is also denied without prejudice.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED SUA SPONTE WITHOUT PREJUDICE** for lack of subject matter jurisdiction, and it is

**RECOMMENDED**, that if the District Court adopts this recommendation, plaintiff be given **FORTY-FIVE (45) DAYS** to file an amended complaint, and if plaintiff files an amended complaint, the court may direct the Clerk to return the proposed amended complaint to me for my review, and it is

**RECOMMENDED**, that if plaintiff fails to file an amended complaint within the time allotted by the District Judge or request an extension of time to do so, the action be dismissed **without prejudice** without further order of the court, and it is

**ORDERED,** that plaintiff's motion for appointment of counsel (Dkt. No. 3) is

**DENIED WITHOUT PREJUDICE**, and it is

ORDERED, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: August 29, 2019

Hon. Andrew T. Baxter
U.S. Magistrate Judge