UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MELODY JOY BAKER,

                        Plaintiff,

    -against-                                           5:19-CV-1056 (LEK/ATB)

DEPARTMENT OF VETERANS AFFAIRS,

                        Defendant.

## DECISION AND ORDER

### I. INTRODUCTION

This matter comes before the Court following an Order and Report-Recommendation filed on August 29, 2019 by United States Magistrate Judge Andrew T. Baxter, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3, Dkt. No. 5 ("Order" and "Report-Recommendation"), concerning the sufficiency of Plaintiff's Complaint, Dkt. No. 1 ("Complaint").

### II. LEGAL STANDARD

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b). However, "where [the] parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002); see also Thomas v. Arn, 474 U.S. 140, 150 (1985) (holding that Congress did not

"intend[] to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

The Court may excuse a party's failure to object "in the interests of justice," and may modify or reject the report-recommendation, if "the magistrate judge committed plain error in ruling against the defaulting party." Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000). Therefore, when no party objects to a magistrate judge's report-recommendation, courts in this circuit review it only to determine whether the magistrate judge made a clear error. Boice v. M+W U.S., Inc., 130 F. Supp. 3d 677, 684 (N.D.N.Y. 2015); see also Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## III. DISCUSSION

No objections were filed in the allotted time period. Docket. Accordingly, the Court has reviewed the Report-Recommendation for clear error and has found none. The Court therefore adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 5) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's claims are **DISMISSED without prejudice** for lack of subject matter jurisdiction; and it is further

**ORDERED**, that Plaintiff may file an amended complaint in accordance with the Report-Recommendation within **forty-five days** of the date of this Decision and Order; and it is further

**ORDERED**, that if Plaintiff timely files an amended complaint, the Clerk is directed to return the file to Magistrate Judge Baxter for further review; and it is further

**ORDERED**, that if Plaintiff fails to timely file an amended complaint as directed above, the Clerk is directed to close this case without further order of this Court; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: October 16, 2019
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge